IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELIZABETH HEATHER CAGLE, | Case No.: 3:23-cv-01413-AN |
| Plaintiff, | |
| v. | |
| ANDREW E. SATTLER, as trustee of the Toni Jean Reitman Revocable Living Trust, and individually, and DOES 1-5, | OPINION AND ORDER |
| Defendants. | |

Plaintiff Elizabeth Heather Cagle ("plaintiff") brings this action against defendants Andrew E. Sattler ("defendant" or "defendant Sattler"), as trustee of the Toni Jean Reitman Revocable Living Trust, and individually, and Does 1-5 ("Doe defendants"). Defendant filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF [9], alleging that the Court lacks subject matter jurisdiction based on the diversity of the parties and under the probate exception. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons stated herein, defendant's motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal pursuant to Rule 12(b)(1) is appropriate when either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Rule 12(b)(1) jurisdictional challenges can be either factual or facial. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual challenge, a district court may review evidence extrinsic to the complaint. *Id.* (citing

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).  In a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations.  *Safe Air*, 373 F.3d at 1039.

Once the moving party has converted the motion to dismiss into a factual motion "by presenting affidavits or other evidence properly brought before the court," the burden shifts to the party opposing the motion to prove the existence of subject matter jurisdiction by way of affidavits or other evidence.*"  Id.* (quoting *Savage*, 343 F.3d at 1039 n.2 (internal quotation marks omitted)).  In a "facial" Rule 12(b)(1) motion, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*

## A.    Probate Exception

"The probate exception is a jurisdictional limitation on federal courts that 'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.'" *Hollander v. Irrevocable Tr. Established by James Brown in Aug. 1, 2000*, No. CV 10-7249 PSG (AJWx), 2011 WL 2604821, at *2 (C.D. Cal. June 30, 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006)).  It applies to both diversity and federal question subject matter jurisdiction.  *See In re Marshall*, 392 F.3d 1118, 1132 (9th Cir. 2004), *rev'd on other grounds, Marshall*, 547 U.S. at 314-15.  "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."  *Marshall*, 547 U.S. at 312.  Thus, "unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017).

## B.    Federal Rule of Civil Procedure 12(b)(7)[1]

Under Federal Rule of Civil Procedure 12(b)(7), a defendant may challenge the complaint's

---

[1] While defendant failed to formally move to dismiss under Federal Rule of Civil Procedure 12(b)(7), defendant's arguments fall under a 12(b)(7) motion and shall be construed as such.

failure to join a party under Federal Rule of Civil Procedure 19. A Rule 12(b)(7) motion to dismiss for failure to join a party will be granted only if the court determines that joinder of the party is not possible, and that the party is, in fact "indispensable." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). To determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings. *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

## BACKGROUND

### A.    Factual Background

Plaintiff is the sole child of Toni Jean Reitman (the "decedent"). Compl., ECF [1], ¶ 7. In September 2023, the decedent, a resident of Oregon, passed away. *Id.* ¶ 8.

On or about May 26, 2021, the decedent executed and established the Toni Jean Reitman Revocable Living Trust. *Id.* ¶ 15. On or about June 16, 2021, the decedent executed a second trust agreement (the "Trust Agreement"), once again establishing the Toni Jean Reitman Revocable Living Trust (the "Trust"), because "the original trust document of May 26, 2021 [was] missing." *Id.* ¶ 16. On that same day, the decedent executed a pourover will (the "Will"). *See* Decl. of Samantha Taylor ("Taylor Decl."), ECF [14], Ex. 2. The Trust appoints defendant Sattler as successor trustee and leaves $100,000 to decedent's brother Richard Reitman ("Reitman"), the sole beneficiary of the trust. Compl. ¶¶ 17-18; Decl. of Andrew E. Sattler in Supp. of Mot. to Dismiss, ECF [10], ¶ 6. The Trust distributes a $30,000 fee to defendant Sattler for work as a trustee and grants the residue of the Trust to defendant Sattler. *Id.*, Ex. 1, at 9. The Will gives all tangible personal property and residue of the estate to the Trust. Taylor Decl., Ex. 2, at 2.

Plaintiff alleges that the decedent did not have the requisite mental capacity to enter into the Trust Agreement and that defendant Sattler took advantage of decedent's medical and psychiatric conditions to unduly influence her into executing the Trust Agreement. Compl. ¶ 23.

### B.    Procedural Background

On September 28, 2023, plaintiff filed the present action in this Court, alleging that the Court possesses subject matter jurisdiction pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332.

Plaintiff seeks a declaratory judgment invalidating the Trust Agreement based on decedent's alleged lack of capacity to execute the Trust Agreement and defendant's undue influence and brings claims for intentional interference with economic relations and accounting.  Compl. ¶¶ 25-40.

On December 1, 2023, defendant filed a petition in the Clatsop County Probate Court to probate the Will and appoint defendant as personal representative of decedent's estate.  Taylor Decl. ¶ 3; Ex. 3.  On March 28, 2024, plaintiff appeared in the probate case by filing a Will Contest Petition.  *Id.* ¶ 7. In that petition, plaintiff makes the same allegations as those made here, but applied to the Will.  *Id.*, Ex. 5.

## DISCUSSION

### A.    Probate Exception

Defendant argues that the Court lacks jurisdiction over plaintiff's claims based on the probate exception to diversity jurisdiction.

Plaintiff argues that defendant's motion is primarily inapt because the probate exception does not apply to *inter vivos* trusts.  Contrary to plaintiff's position, the fact that plaintiff's claims in this action involve the validity of a trust, rather than a will, does not preclude the application of the probate exception.  *See Wisnovsky v. Couvrette*, No. 1:23-cv-00414-CL, 2023 WL 7404860, at *3 (D. Or. Nov. 9, 2023) (finding probate exception applies to *inter vivos* trust instruments that act as a will substitute); *Feeley v. Earl*, No. 3:17-cv-0649-PK, 2017 WL 9084966, at *4 (D. Or. June 27, 2017), *report and recommendation adopted as modified*, 2017 WL 3151257 (D. Or. July 25, 2017) (probate exception applies to disposal of property in family trust); *see also Deutsch v. Klein*, CV 23-2316 PA (MAAx), 2023 WL 3075880, at *1 (C.D. Cal. Apr. 25, 2023) (action involving validity of trust rather than probate of will does not preclude application of probate exception); *Profita v. Andersen*, No. CV 18-00286-PA (DFM), 2018 WL 4199214, at *3 (C.D. Cal. Aug. 8, 2018), *report and recommendation adopted*, 2018 WL 4191611 (C.D. Cal. Aug. 31, 2018), *aff'd*, 771 F. App'x 414 (9th Cir. 2019) (probate exception applies to administration of family trust); *Vaughn v. Montague*, 924 F. Supp. 2d 1256, 1269 (W.D. Wash. 2013) (under probate exception court lacked jurisdiction to settle decedent's trust); *Chabot v. Chabot*, No. 4:11-CV-217-BLW, 2011 WL 5520927, at *4 (D. Idaho Nov. 14, 2011) (probate exception applies to removal of trustee of *inter vivos*

trust). To be sure, *Marshall*, the case in which the Supreme Court defined the scope of the probate exception, applied the probate exception analysis to an *inter vivos* trust. 547 U.S. at 300-01.

While plaintiff's complaint facially seeks to invalidate the decedent's testamentary trust document, plaintiff is effectively endeavoring to annul a will. Indeed, the Trust Agreement and Will were executed the same day. In turn, a finding that the decedent lacked capacity to execute the Trust Agreement is a finding that the decedent lacked the capacity to execute the Will—a task currently in front of the probate court. Thus, the Court finds that plaintiff's claims for declaratory judgment and accounting of the Trust are well within the meaning of the probate exception, and that the Court lacks subject matter jurisdiction over those claims.

As its undisputed that plaintiff's claim for international interference with economic relations falls outside of the probate exception, *see* Def.'s Reply, ECF [12], at 9, the Court will not dismiss that claim under that exception.

**B.    Rule 12(b)(7)**

Defendant argues that the Court lacks subject matter jurisdiction based on the diversity of the parties. First, defendant argues that plaintiff's use of fictitious, or "doe defendants," defeats diversity. While there is no provision in the Federal Rules of Civil Procedure permitting the use of fictitious defendants, and the use of fictitious defendants in federal court is generally disfavored, federal courts routinely allow the use of fictitious names for defendants. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Federal courts allow the use of doe pleading "where the identity of alleged defendants [is not] known prior to the filing of the complaint," and where "the plaintiff [may have] an opportunity through discovery to identify the unknown defendants." *Gillespie*, 629 F.2d at 642. Thus, in the present case, plaintiff's use of fictitious defendants does not destroy diversity jurisdiction.

Second, defendant argues that plaintiff intentionally mislead the Court by using fictitious defendants to conceal the identity of plaintiff's uncle, Reitman, a beneficiary of the Trust, and an allegedly indispensable party to this litigation. Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF [9], at 7-8. As an

indispensable party, defendant argues that Reitman must be joined, which, in turn, destroys diversity jurisdiction as both plaintiff and Reitman live in California. *Id.*

Federal Rule of Civil Procedure 19 is instructive here. Rule 19 imposes a three-step inquiry to determine whether dismissal for failure to join a necessary and indispensable party is appropriate: (1) whether the absent party is necessary; (2) whether it is feasible to order that absent party be joined; and (3) if joinder is not feasible, whether the case can proceed without the absent party. *Salt River Project Agric. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) ("*Salt River Project*") (citing Fed. R. Civ. P. 19).

The Court must first evaluate whether the absent party is necessary under Rule 19(a). A party is only necessary if: (1) in that party's absence, the Court cannot accord complete relief; or (2) the party claims "an interest relating to the subject of the action" and is situated such that disposing of the action may (i) impair or impede that party's ability to protect the interest; or (ii) leave an existing party subject to substantial risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a). "There is no precise formula for determining whether a particular non-party should be joined under Rule 19(a). The determination is heavily influenced by the facts and circumstances of the case." *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010).

Only if the court determines that a party is required does it proceed to the second inquiry: whether joinder is feasible. *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013).

1.    *Necessary Party*

"A party may be necessary under Rule 19(a) in three different ways. First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii); *see also Salt River Project*, 672 F.3d 1176, 1179 (9th Cir. 2012).

Defendant argues that Reitman, as a beneficiary of the Trust, is a necessary party because his rights under the Trust and Will are directly threatened by this litigation. Def.'s Mot. 8. The only claim that remains, however, is plaintiff's intentional inference with economic relations. The outcome in that claim has no effect on Reitman's interest in the Trust or Will and can be directly pursued against defendant Sattler. Accordingly, the Court finds that Reitman is not a necessary party[2] to this litigation, and the Court retains subject matter jurisdiction over plaintiff's intentional inference with economic relations claim.

## CONCLUSION

For the reasons above, the defendant's Motion to Dismiss, ECF [9], is GRANTED in part and DENIED in part. Plaintiff's claims for declaratory judgment and accounting are DISMISSED with prejudice for lack of subject matter jurisdiction. Plaintiff's claim for intentional interference with economic relations will remain.

IT IS SO ORDERED.

DATED this 3rd day of June, 2024.

Adrienne Nelson
United States District Judge

---

[2] Because the Court finds that Reitman is not a necessary party, it does not reach whether joinder is feasible and whether the case can proceed without the absent party.