IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELIZABETH HEATHER CAGLE,<br><br>   Plaintiff,<br> v.<br>ANDREW E. SATTLER, as trustee of the Toni Jean Reitman Revocable Living Trust, and individually, and DOES 1-5,<br><br>   Defendants. | Case No.: 3:23-cv-01413-AN<br><br>OPINION AND ORDER |

   Plaintiff Elizabeth Heather Cagle brings this action against defendants Andrew E. Sattler ("defendant" or "defendant Sattler"), as trustee of the Toni Jean Reitman Revocable Living Trust and individually, and Does 1-5, alleging intentional interference with economic relations. On July 8, 2024, plaintiff filed this Motion to Strike, ECF [21], seeking to strike defendant's counterclaim. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons stated below, plaintiff's motion is DENIED.

## LEGAL STANDARD

   Oregon's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute provides "an expedited procedure for dismissal of certain nonmeritorious civil cases without prejudice at the pleading stage." *Neumann v. Liles*, 358 Or. 706, 723 (2016); *see* Or. Rev. Stat. § 31.150. Under the statute, a defendant may bring a special motion to strike a claim that arises out of, in relevant part, "[a]ny oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law." Or. Rev. Stat. § 31.150(1), (2)(b). Oregon's anti-SLAPP procedure is available in a federal diversity action. *Card v. Pipes*, 398 F. Supp. 2d 1126, 1137 (D. Or. 2004); *see United States ex rel. Newsham v. Lockheed*

*Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999), *cert. denied*, 530 U.S. 1203 (2000); *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009).

A court considers a special anti-SLAPP motion to strike using a two-step burden-shifting process. *Gardner*, 563 F.3d at 986. First, the defendant has the initial burden to show that the challenged statement is within one of the categories of civil actions described in the anti-SLAPP statute. *Id.* If the defendant satisfies its burden, the burden then shifts to the plaintiff "to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." *Id.* (quoting Or. Rev. Stat. § 31.150(3)). The analysis in the second step differs in state and federal court. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-35 (9th Cir. 2018). In federal court, "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id.* at 834. In contrast, "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply." *Id.* If the defendant's motion challenges the factual sufficiency of a claim, "discovery must be allowed . . . before any decision is made by the court." *Id.* The court shall grant the special motion to strike unless the plaintiff meets its burden. *Davoodian v. Rivera*, 327 Or. App. 197, 201, 535 P.3d 309 (2023) (citing Or. Rev. Stat. § 31.150(1)).

**BACKGROUND**

Plaintiff disputes the validity and administration of decedent's Toni Jean Reitman Revocable Living Trust (the "Trust"). Plaintiff initially brought three claims, asserting that title to the property where decedent, her mother, had lived (the "Property") was improperly vested in the Trust because the Trust was invalidly established. On June 3, 2024, the Court dismissed plaintiff's declaratory judgment and accounting claims with prejudice for lack of subject matter jurisdiction, reasoning that those claims fell within the meaning of the probate exception. Op. & Order of June 3, 2024, ECF [19], at 4-5. Plaintiff's intentional interference with economic relations claim remains.

On June 17, 2024, defendant Sattler filed an answer in which he asserted affirmative

defenses and a counterclaim for attorney's fees. Regarding the counterclaim, defendant alleges that on October 16, 2023, plaintiff caused a notice of lis pendens to be recorded in Clatsop County Recorder of Deeds (Recording Instrument No. 202305550). Def. Answer, Aff. Defs. & Countercl. ("Def. Answer"), ECF [20], ¶ 49. The lis pendens gave notice to the public, including prospective buyers of the Property, of this action "[t]o void [the] Trust's title to the [P]roperty." *Id.* Plaintiff sought to void the Trust, but this Court dismissed plaintiff's declaratory judgment and accounting claims for lack of subject matter jurisdiction. *Id.* ¶ 50; Op. & Order of June 3, 2024. Defendant alleges that because plaintiff brought improper claims for an accounting of the Trust's assets and a declaration that the Trust is invalid and caused a lis pendens to be recorded, defendant has incurred unnecessary attorney's fees. Def. Answer ¶ 50. Defendant also alleges that he continues to incur attorney's fees defending against plaintiff's claim for intentional interference with economic relations and will incur such fees until the lis pendens is removed. Accordingly, defendant alleges that pursuant to Oregon Revised Statute ("ORS") § 130.815, he is entitled to recover attorney's fees, costs, and expenses incurred in defending against plaintiff's claims. *Id.* ¶¶ 54-55; *see* Or. Rev. Stat. § 130.815 ("In a judicial proceeding involving the validity or administration of a trust, the court may award costs and expenses and reasonable attorney's fees to any party, to be paid by another party or from the trust.").

On July 8, 2024, plaintiff, as counter defendant, moved to strike defendant's counterclaim for attorney's fees under Oregon's anti-SLAPP statute. Pl. Mot. to Strike, ECF [21].

## DISCUSSION

Because plaintiff invokes the Court's diversity jurisdiction, Oregon's anti-SLAPP procedure is available in this action. The Court analyzes plaintiff's special motion to strike under the two-step burden-shifting process.

**A.     Protected Activity**

At the first step of the anti-SLAPP analysis, the moving defendant "has the initial burden of making a prima facie showing that the claim against which the motion is made arises out of a statement, document or conduct" protected by the statute. Or. Rev. Stat. § 31.150(3). Protected activities under the

3

statute include "[a]ny oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a . . . judicial body." Or. Rev. Stat. § 31.150(2)(b).

Plaintiff, as counter defendant, argues that the filing of a notice of lis pendens falls squarely within the definition because is a "written statement" submitted "in connection with an issue under consideration or review by a . . . judicial body." Plaintiff argues that although there is no Oregon case law regarding whether the filing of a notice of lis pendens is a protected activity, California case law regarding California's virtually identical anti-SLAPP statute has consistently held that the filing of a lis pendens is a protected activity under the statute. *See Park 100 Inv. Grp. II, LLC v. Ryan*, 103 Cal. Rptr. 3d 218, 225 (Cal. Ct. App. 2009) (citing *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 93 Cal. Rptr. 3d 457, 463 (Cal. Ct. App. 2009); *Salma v. Capon*, 74 Cal. Rptr. 3d 873, 882 (Cal. Ct. App. 2008)) ("The filing of a notice of lis pendens falls squarely within [Code of Civil Procedure section 425.16's definition of a protected activity]."). Defendant, as counter claimant, argues that plaintiff's filing of a notice of lis pendens was improper as a matter of law and that no Oregon case law establishes that the filing of a lis pendens, let alone the filing of an improper lis pendens, is a protected activity pursuant to ORS § 31.150.

To determine whether a claim arises out of conduct that comes within the scope of protected activity, a court "examine[s] the conduct that is targeted by the claims in the complaint." *Dep't of Hum. Servs. v. Lindsey*, 324 Or. App. 312, 318, 525 P.3d 470 (2023) (citing *Tokarski v. Wildfang*, 313 Or. App. 19, 24-25, 496 P.3d 22 (2021), *rev. den.*, 368 Or. 788, 498 P.3d 301 (2021)). "To 'arise out of' the conduct described in [ORS § 31.150(2)(b)], the act underlying the claim itself must have been an act in furtherance of the right to petition and not just associated with it." *Id.* at 318 (quoting *Deep Photonics Corp. v. LaChapelle*, 282 Or. App. 533, 546, 385 P.3d 1126 (2016)). Here, defendant alleges that he is entitled to attorney's fees that he incurred by defending against plaintiff's dismissed claims for declaratory relief and accounting, as well as attorney's fees that he will continue to incur because of plaintiff's remaining claim for intentional interference with economic relations and filing of a notice of lis pendens on the Property. The acts targeted by defendant's counterclaim are thus plaintiff's filing of her complaint, which caused defendant to need to defend against the claims, and plaintiff's filing of a notice of lis pendens, against

which defendant will need to continue to defend. Accordingly, defendant's counterclaim arises out of plaintiff's filing of her complaint and filing of a notice of lis pendens.

The inquiry then turns to whether the filing of a complaint or a notice of lis pendens is a statement submitted "in connection with an issue under consideration or review by a . . . judicial body." Or. Rev. Stat. § 31.150(2)(b). With respect to the filing of the complaint, ORS § 31.150(2)(b) "plainly covers statements made or documents submitted in connection with a case after it comes 'under consideration' by a court, such as, for example, pleadings filed with a court or statements made by an attorney or a witness at a hearing." *Deep Photonics*, 282 Or. App. at 543-44. The filing of a complaint thus falls squarely within the scope of protected activity. *See id.*; *see also Kolar v. Donahue, McIntosh & Hammerton*, 52 Cal. Rptr. 3d 712, 716 (Cal. Ct. App. 2006) ("It is beyond dispute the filing of a complaint is an exercise of the constitutional right of petition[.]").

The parties are correct that no Oregon case law directly addresses the issue of whether a notice of lis pendens constitutes an activity protected under ORS § 31.150(2). This question thus presents an issue of statutory construction. Statutory construction is a question of law. *State v. Thompson*, 328 Or. 248, 257, 971 P.2d 879, *cert. den.*, 527 U.S. 1042 (1999). "To discern the meaning of the statute most likely intended by the legislature that enacted it, [a court] examine[s] the text and context of the statute and, where appropriate, legislative history and pertinent canons of construction." *Dowell v. Oregon Mutual Ins. Co.*, 361 Or. 62, 67, 388 P.3d 1050 (2017). The text "is the starting point for interpretation and is the best evidence of the legislature's intent." *Portland Gen. Elec. Co. v. Bureau of Lab. & Indus.*, 317 Or. 606, 610, 859 P.2d 1143 (1993), *overruled in part by State v. Gaines*, 346 Or. 160, 171, 206 P.3d 1042 (2009) (en banc); *see also Gaines*, 346 Or. at 171 (affirming primacy of text and context).

Taking the text of the provision, plaintiff's filing of a notice of lis pendens is a "written statement" or "writing" "made in connection with an issue under consideration" by a "judicial body." Here, plaintiff filed the notice of lis pendens that was recorded with the Clatsop County Recorder of Deeds after she filed her complaint in this action, which is a writing. *See* Def. Answer ¶ 49. The lis pendens gave notice to the public, including prospective buyers of the Property, of this suit and its object: to void the

5

Trust's title to the Property. *Id.* At the time of the filing of the lis pendens, plaintiff's claims were under consideration by this Court. Even viewing the facts underlying the counterclaim in the light most favorable to defendant, *see Deep Photonics*, 282 Or. App. at 545 (citing *Plotkin v. State Accident Ins. Fund*, 280 Or. App. 812, 815-16, 385 P.3d 1167 (2016)), plaintiff's filing of a notice of lis pendens was clearly in connection to her claims that were under consideration by this Court. Additionally, California case law regarding an almost identical provision in California's anti-SLAPP statute, although not binding, is instructive and confirms this understanding. *See id.* at 544; *Davoodian*, 327 Or. App. at 204 n.7. California's anti-SLAPP statute also includes as a protected activity "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Civ. Pro. Code § 425.16(e)(2). California courts have consistently held that the recording of a lis pendens is a protected activity under that provision. *See, e.g.*, *La Jolla Grp. II v. Bruce*, 149 Cal. Rptr. 3d 716, 723 (Cal. Ct. App. 2012); *Park 100 Inv. Grp. II, LLC*, 103 Cal. Rptr. 3d at 225; *Manhattan Loft, LLC*, 93 Cal. Rptr. 3d at 463; *Salma*, 74 Cal. Rptr. 3d at 882.

    Defendant's argument that plaintiff's filing of a notice of lis pendens is not a protected activity because, in defendant's view, it was "improper" as a matter of law is irrelevant to plaintiff's *prima facie* case. When determining whether a defendant has made a *prima facie* showing that their conduct is protected activity, a court "does not take into account whether the conduct on which a claim is predicated is wrongful." *Tokarski*, 313 Or. App. at 25; *see also Davoodian*, 327 Or. App. at 211 ("[T]he alleged wrongfulness of a defendant's conduct is not relevant to whether the defendant met their *prima facie* burden to show that their conduct is protected by ORS 31.150(2) under the first step of the analysis."). "Rather, the merits of a plaintiff's allegation that particular conduct is wrongful are taken into account when the court considers whether a plaintiff has made a *prima facie* case in support of a claim challenged by a special motion to strike" in the second step of the analysis. *Davoodian*, 327 Or. App. at 211; *see also Mullen v. Meredith Corp.*, 271 Or. App. 698, 705, 353 P.3d 598 (2015) ("The second part of the statutory inquiry in ORS 31.150(3) addresses the merits of the plaintiff's claim against the defendant and, necessarily, whether a prima facie case has been made as to the wrongfulness of the defendant's conduct. The first part of the

6

inquiry aims merely to assess more generally what sort of claim this is."). The Court thus declines to consider defendant's arguments regarding the alleged impropriety of plaintiff's notice of lis pendens in evaluating plaintiff's *prima facie* case.

For the foregoing reasons, plaintiff, as counter defendant, has carried her burden at the first step of the anti-SLAPP analysis by demonstrating that defendant's counterclaim arises out of protected activity.

**B.    Probability of Prevailing on the Counterclaim**

At the second step, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." Or. Rev. Stat. § 31.150(3). Plaintiff argues that defendant, as counter claimant, cannot establish a probability of prevailing on the counterclaim because his claim is barred as a matter of law by Oregon's litigation privilege.

1.    *Litigation Privilege*

"A plaintiff opposing an anti-SLAPP motion in federal court must overcome substantive defenses that would prevent the plaintiff from properly stating a claim under Rule 12(b)(6)." *Chase*, 2020 WL 1644310, at *5 (citing *Planned Parenthood*, 890 F.3d at 834; *Flatley*, 139 P.3d at 17). The litigation privilege is one such defense. *Id.* (citing *Pauley v. Mosman*, No. 3:17-CV-01656-RJB, 2018 WL 664806, at *6 (D. Or. Feb. 1, 2018); *Wickenkamp v. Hostetter L. Grp., LLP*, No. 2:15-CV-296-PK, 2016 WL 10677908, at *19 (D. Or. July 14, 2016), *report and recommendation adopted*, 2016 WL 10677905 (D. Or. Aug. 17, 2016)).

"Oregon courts have long recognized, and enforced, an absolute privilege for statements [made] in the course of or incident to judicial and quasi-judicial proceedings." *Mantia v. Hanson*, 190 Or. App. 412, 417, 79 P.3d 404 (2003). The litigation privilege initially arose as a bar to defamation claims and has since been extended to bar "any tort action." *Id.* at 420-27; *Wollam v. Brandt*, 154 Or. App. 156, 162 n.5, 961 P.2d 219 (1998). Defendant, as counter claimant, argues that the litigation privilege does not bar his counterclaim because the privilege is only a defense to tort claims and does not apply to a statutory

7

claim for attorney's fees. Defendant also argues that no Oregon case law holds that the litigation privilege is so broad as to allow a party to improperly encumber real property.

Here, although defendant's counterclaim arises from plaintiff's statements, *i.e.*, claims, in this action, the counterclaim is not a "tort action." Defendant does not allege that plaintiff's statements or conduct were tortious. Instead, defendant claims that he is entitled to attorney's fees because Oregon law allows for attorney's fees in judicial proceedings involving the validity and administration of a trust. *See* Or. Rev. Stat. § 130.815. No Oregon court has extended the litigation privilege to a non-tort, statutory claim for attorney's fees. Accordingly, the litigation privilege does not bar defendant's counterclaim.

    2.    *Defendant's Prima Facie Case*

Plaintiff's special anti-SLAPP motion to strike challenges only the legal sufficiency of defendant's counterclaim. As such, the Court "evaluates the legal sufficiency of the plaintiff's prima facie case under the Rule 12(b)(6) standard, without requiring the presentation of evidence." *Chase*, 2020 WL 1644310, at *4 (citing *Planned Parenthood*, 890 F.3d at 834; *Miller v. Watson*, No. 3:18-CV-00562-SB, 2019 WL 1871011, at *4 (D. Or. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 1867922 (D. Or. Apr. 25, 2019); *Zweizig v. Nw. Direct Teleservices, Inc.*, No. 3:15-CV-02401-HZ, 2018 WL 6062316, at *2 (D. Or. Nov. 20, 2018)). Defendant, as counter claimant, thus has the burden of showing that he has stated a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable

8

to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

ORS § 130.815 provides that "[i]n a judicial proceeding involving the validity or administration of a trust, the court may award costs and expenses and reasonable attorney's fees to any party, to be paid by another party or from the trust." Or. Rev. Stat. § 130.815. This provision gives a court the discretion to award fees. *See Jensen v. Benoit*, No. 3:19-cv-01779-HZ, 2020 WL 3421471, at *7 (D. Or. June 18, 2020). In his sole counterclaim, defendant alleges that he is entitled to attorney's fees under ORS § 130.815 on the grounds that plaintiff brought "improper" claims relating to the validity and administration of the Trust that were dismissed, against which defendant has incurred costs to defend, and that plaintiff "improperly" filed a lis pendens, against which defendant will continue to need to defend.

      a.      Jurisdiction to Award Attorney's Fees

As an initial matter, a court "must determine whether it has jurisdiction to evaluate a request for an award of [attorney's] fees at all." *Doan v. Singh*, No. 1:13-cv-00531-LJO-SMS, 2013 WL 5718720, at *3 (E.D. Cal. Oct. 18, 2013) (quoting *Skaaning v. Sorensen*, 679 F. Supp. 2d 1220, 1222-23 (D. Haw. 2010)); *see Russell City Energy Co., LLC v. City of Hayward*, No. C-14-03102 JSW (DMR), 2015 WL 983858, at *2 (N.D. Cal. Feb. 17, 2015) ("As a preliminary matter, the court must determine whether it has jurisdiction to determine this motion [for attorneys' fees] given that the action has been dismissed for lack of subject matter jurisdiction."). Under Ninth Circuit precedent, a court that has dismissed a claim for lack of subject matter jurisdiction generally has no jurisdiction to award attorney's fees. *See Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) ("A court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."); *Branson v. Nott*, 62 F.3d 287, 292-93 (9th Cir.

1995) ("[B]ecause the district court lacked subject matter jurisdiction over [the plaintiff's] purported civil rights claim in the first instance, it also lacked the power to award attorney's fees under the civil rights attorney fee statute."), *overruled on other grounds by Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696 (9th Cir. 2017); *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992) (quoting *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988)) ("[I]f the district court lacked jurisdiction over the underlying suit, 'it had no authority to award attorney's fees.'").

Here, the Court determined that it lacked subject matter jurisdiction over plaintiff's declaratory judgment and accounting claims but has jurisdiction over her intentional interference with economic relations claim. Because the Court has jurisdiction over plaintiff's remaining claim, it also has jurisdiction to award attorney's fees regarding the claim.

b.  Rule 54

Federal Rule of Civil Procedure 54 instructs parties to make a claim for attorney's fees by motion after judgment has been entered unless the substantive law requires those fees to be proved at trial as an element of damages. Fed. R. Civ. P. 54. "Regardless of whether pled as a remedy or independent claim, neither party is entitled to attorney's fees without first prevailing and then filing a separate motion." *Silliman v. Hawes Fin. Grp., Inc.*, No. 6:15-cv-00285-AA, 2015 WL 5056353, at *4 (D. Or. Aug. 26, 2015) (citing *Romani v. Nw. Tr. Servs., Inc.*, No. 3:11-cv-00382-PA, 2014 WL 1072698, *1 (D. Or. Mar. 17, 2014)); *see also Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1120-21 (9th Cir. 2004) (rejecting parties' assumption that "some form of initial pleading—either a complaint or a counterclaim—is the appropriate manner by which [a party] should seek its costs."). The Court dismissed two of plaintiff's claims, but her claim for intentional interference of economic relations remains, and the Court has not yet entered judgment. Moreover, ORS § 130.815 does not require that attorney's fees be proved at trial as an element of damages. *See* Or. Rev. Stat. § 130.815 (giving the court discretion to award fees). Therefore, defendant's request for attorney's fees is premature.

Nevertheless, multiple cases in this district have declined to dismiss or strike a premature request for attorney's fees. In *Amort v. NWFF, Inc.*, District Judge Ann Aiken declined to dismiss a

counterclaim for attorney's fees and rejected the plaintiff's argument that the defendants' counterclaim for attorney's fees is not a cognizable legal claim because the issue was "one of semantics rather than substance." No. 6:11-cv-06396-AA, 2012 WL 3756330, at *4 (D. Or. Aug. 27, 2012). In *Silliman*, Judge Aiken likewise declined to dismiss a counterclaim for attorney's fees, finding that it "merely furnish[ed] 'notice that [the defendants] will seek recovery of fees if they prevail.'" 2015 WL 5056353, at *4. Similarly, in *Estate of Osborn-Vincent v. Ameriprise Financial, Inc.*, Magistrate Judge Youlee Yim You declined to dismiss or strike a "superfluous" counterclaim because "[a]t most, the counterclaim serves as notice of defendants' intention to seek attorney's fees," and "[a]ll of the parties' arguments to the contrary are inapposite." No. 3:16-cv-02305-YY, 2019 WL 764029, at *2 (D. Or. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 943379 (D. Or. Feb. 25, 2019). Here, regardless of whether defendant filed a "counterclaim" for attorney's fees and costs, he cannot obtain them without first prevailing on a motion under Rule 54(d)(2). *See* Fed. R. Civ. P. 54(d)(2); *Est. of Osborn-Vincent*, 2019 WL 764029, at *2. Defendant's request for attorney's fees thus merely provides "notice of [his] intention to seek attorney's fees." *Est. of Osborn-Vincent*, 2019 WL 764029, at *2. Because this issue is "one of semantics rather than substance," *Amort*, 2012 WL 3756330, at *4, the Court declines to dismiss the counterclaim on this basis.

          c.        Propriety of Lis Pendens

In examining whether a plaintiff has made a *prima facie* case, a court also considers "the merits of a plaintiff's allegation that particular conduct is wrongful." *Davoodian*, 327 Or. App. at 210 (citing *Tokarski*, 313 Or. App. at 25; *Mullen v. Meredith Corp.*, 271 Or. App. at 705). Defendant, as counter claimant, argues that plaintiff's filing of a notice of lis pendens was "improper" because none of plaintiff's claims, properly adjudicated, would have determined any interest in real property. Defendant argues that at most, plaintiff's claim for declaratory relief asked for a declaration that the Trust was invalid, which would not have necessarily granted plaintiff an interest in the Property. Defendant also argues that plaintiff's remaining claim sounds in tort and was brought against defendant in his individual capacity (instead of his capacity as trustee), and thus there is no property interest "involved, affected, or brought into question" by plaintiff's sole remaining claim. Or. Rev. Stat. § 93.740.

Here, defendant's counterclaim is based solely on ORS § 130.815, which provides that attorney's fees are available in "a judicial proceeding involving the validity or administration of a trust." Whether plaintiff's notice of lis pendens on the Property is proper does not affect whether attorney's fees are available under this provision. To prevail on a subsequent motion for attorney's fees, defendant will still need to demonstrate why fees are appropriate in this case. *See Jensen*, 2020 WL 3421471, at *7. Accordingly, the Court finds that at this stage, evaluating the propriety of plaintiff's notice of lis pendens is unnecessary.

Because defendant has established a *prima facie* case under the Rule 12(b)(6) standard, the Court denies plaintiff's special anti-SLAPP motion to strike. However, the parties shall comply with the Federal Rules of Civil Procedure when requesting attorney's fees and costs at the appropriate stage of litigation.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Strike, ECF [21], is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of January, 2025.

Adrienne Nelson
United States District Judge